IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHONG SU YI,                    :

       v.                    :   CIVIL ACTION NO. JFM-11-955

FOX VALLEY MOTORCARS, et al.,   :

*********

# MEMORANDUM

Plaintiff, a resident of Silver Spring, Maryland, has filed the above-captioned pro se action. ECF No. 1. Plaintiff invokes this court's diversity jurisdiction pursuant to 28 U.S.C. 1332(a).

It appears that diversity exists pursuant to 28 U.S.C. §1332; however, review of the venue statutes illustrates that venue is not proper in this jurisdiction:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(a).

The general federal venue statute, 28 U.S.C. § 1391(b), provides in relevant part: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides ... [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

Defendant Fox Valley Motorcar is incorporated in Illinois. Defendant Lotus USA is

incorporated in Georgia  The actions complained of all occurred in Illinois.  It does not appear that any of the defendants are Maryland residents or otherwise subject to personal jurisdiction in Maryland.  Nor did the events giving rise to plaintiff's complaint occur in Maryland.  As such there is no basis for finding that this court has personal jurisdiction over defendants.

    Accordingly, for the convenience of the parties and in the interest of justice, this case shall be transferred pursuant to 28 U.S.C. §1406(a) to the United States District Court for the Northern District of  Illinois.  A separate order follows.


__July 26, 2011__                                    ____/s/_____  
(Date)                                                 J. Frederick Motz  
                                                          United States District Judge